ENGEL ET AL. *v.* GOLDBERG ET AL.

(Decided December 17, 1928.)

*Mr. August Rendigs, Jr.,* and *Mr. Edward Lee Meyer,* for plaintiffs in error.
*Mr. Samuel Rotter,* for defendants in error.

CUSHING, J.   Albert Goldberg filed a bill of particulars in the municipal court against Celia Engel and Joseph Engel, in which he stated that he was engaged in the business of selling real estate in the city of Cincinnati, Hamilton county, Ohio, and that the defendants owned property located at 524 Liberty street in said city; that on April 1, 1926, the defendants employed him to secure a purchaser for said property, acceptable to them, and that he accepted said employment; that in pursuance of said agreement, he investigated the property, estimated its value, discussed its sale with the defendants, and from that time until April 23, 1926, he interviewed numerous people, and, on or about April 23, 1926, one of the persons that he had interested in the property negotiated with him and entered into a contract with the defendants for the purchase of said property for the sum of $12,500; that he performed the services for which he was employed, and the reasonable value of said services was $500, none of which has been paid.

Without denying the occupation of the plaintiff, the defendants answered denying each and every other allegation contained in plaintiff's bill of particulars.

Briefly stated, this is an action in *quantum meruit* for services rendered by Goldberg in procuring a purchaser for said real estate.

The court, without the intervention of a jury, gave plaintiff judgment for $250 in *quantum meruit.*

Section 8621, General Code, as amended 111 Ohio Laws, 104, provides:

"No action shall be brought whereby to charge the defendant, * * * upon a contract or sale of lands, tenements, or hereditaments, or interest in, or concerning them, nor upon an agreement, promise or contract to pay any commission for or upon the sale of an interest in real estate; nor upon an agreement that is not to be performed within one year from the making thereof; unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing, and signed by the party to be charged therewith, or some other person thereunto by him or her lawfully authorized."

At the conclusion of the plaintiffs' case, and again at the close of all the testimony, a motion was made by the defendants below for judgment in their behalf. This motion was overruled.

It is stated in the brief of counsel for plaintiffs in error, and not denied by counsel for defendants in error, that the record disclosed that the employment was verbal, and they add, "in that, there was no conflict."

The pertinent part of the statute is: "Nor upon an agreement, promise or contract to pay any commission for or upon the sale of an interest in real estate."

In view of this statute and the undisputed fact that there was no written contract between the parties, and the action being one for securing a purchaser for real estate, the court was in error in overruling the motion for a directed verdict or judgment.

The judgment of the court of common pleas will be reversed, and the cause will be remanded to that court, with instructions to remand the case to the municipal court to there enter judgment for the plaintiffs in error.

*Judgment reversed.*

HAMILTON, P. J., concurs.